**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J. Lowrey, | No. CV-23-01489-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| RangeWater Real Estate LLC, et al., | |
| Defendants. | |

Plaintiff, pro se, sues his former landlord for damages relating to the treatment of insects in his apartment.

**I.**

The facts below are taken from the well-pleaded allegations of Plaintiff's Second Amended Complaint (Doc. 37) and are assumed to be true. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

Just after taking possession of his apartment, Plaintiff observed the premises infested with bugs. He informed the management. Two workers were dispatched to treat Plaintiff's apartment and they did so three times.

Then Plaintiff and his dog became very ill. A veterinarian stated that the dog may have been poisoned. The dog later died. Plaintiff himself sought medical treatment because he felt like he may have been poisoned.

Plaintiff complained to the apartment manager. Plaintiff was then denied access to common areas and his apartment was inspected by staff without notice. Plaintiff further

1    claims that he was constructively evicted from his apartment.

2        Defendant moves to dismiss based on Rule 8(c), Federal Rules of Civil Procedure.

3    As explained below, the Court will grant the Motion in part and deny it in part.

4                                            **II.**

5        To survive a motion to dismiss for failure to state a claim, a complaint must contain

6    "a short and plain statement of the claim showing that the pleader is entitled to relief" such

7    that the defendant is given "fair notice of what the . . . claim is and the grounds upon which

8    it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P.

9    8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When reviewing a motion to dismiss,

10   the Court must "accept all factual allegations in the complaint as true and construe the

11   pleadings in the light most favorable to the nonmoving party." *Capp v. County of San*

12   *Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019) (citation omitted). "[P]ro se pleadings . . . are

13   to be liberally construed on a motion to dismiss." *Id.*

14       Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory

15   or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

16   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Review of a

17   Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d

18   at 581. A complaint should not be dismissed "unless it appears beyond doubt that the

19   plaintiff can prove no set of facts in support of the claim that would entitle it to relief."

20   *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

21                                           **III.**

22                                           **A.**

23       Plaintiff first asserts negligence. (Doc. 37 at 5–6.) "To establish a defendant's

24   liability for a negligence claim [under Arizona law], a plaintiff must prove: (1) a duty

25   requiring the defendant to conform to a certain standard of care; (2) breach of that standard;

26   (3) a causal connection between the breach and the resulting injury; and (4) actual

27   damages." *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64, 416 P.3d 824, 827–28 (2018).

28       A duty may arise from various sources, including the common law and state statutes.

*Ativa v. Crisis Preparation & Recovery Inc.*, 256 Ariz. 198, 204, 536 P.3d 776, 782 (2023) ("Under Arizona law, a duty in the negligence context arises either from special relationships or public policy, and we look primarily to statutes and common law to create and define duty."). The Court finds, as well taken, Defendant's argument that Plaintiff has failed to identify a cognizable duty. Plaintiff cites no authority, and the Court is unaware of any, that supports his arguments that Defendant had a duty to oversee the application of pesticides as described in the Second Amended Complaint. Plaintiff's reliance on a federal statute, 7 U.S.C. § 136, is misplaced because that law only defines terms used in other federal statutes regulating pesticides.[1] To the extent that Plaintiff introduces new theories of liability in his response brief, they will not be considered because they fall outside the Second Amended Complaint. Accordingly, this claim fails.

**B.**

Plaintiff next asserts a breach of contract claim. (Doc. 37 at 6–7.) "Under Arizona law, a claim for breach of contract has three elements: (1) the existence of a contract between the plaintiff and defendant; (2) breach of the contract by defendant; and (3) resulting damage to the plaintiff." *Gordon Grado M.D., Inc. v. Phoenix Cancer & Blood Disorder Treatment Inst. PLLC*, 603 F. Supp. 3d 799, 818 (D. Ariz. 2022).

The Motion argues that Plaintiff's allegations are too conclusory to state a claim for breach of contract. But the Second Amended Complaint alleges that the residential lease required Plaintiff to pay a monthly fee for pest control. It also alleges that Defendant breached its duty to provide this service because his apartment was infested with bugs. And, as a result, Plaintiff's dog became ill and died. He also fell ill and needed medical help. Liberally construed, the Court finds that the Second Amended Complaint states a claim for breach of contract.

**C.**

Plaintiff's third claim for relief is one for breach of the implied covenant of good

---

[1] Plaintiff's Response to the Motion to Dismiss (Doc. 13 at 2) references the Environmental Protection Agency's regulations (EPA 40 CFR part 171). The Second Amended Complaint, however, cites to the United States Code. (*See* Doc. 37.)

1    faith and fair dealing.

> 2    The law implies a covenant of good faith and fair dealing in
> 3    every contract, which is a duty that arises by virtue of a
> 4    contractual relationship. The essence of that duty is that neither
>      party will act to impair the right of the other to receive the
> 5    benefits which flow from their agreement or contractual
> 6    relationship. The covenant of good faith and fair dealing may
> 7    be breached even though the express covenants of the contract
>      are fully performed.

8    *Cavallo v. Phoenix Health Plans, Inc*., 254 Ariz. 99, 104, 518 P.3d 759, 764 (2022)

9    (cleaned up). A centerpiece of this claim is the discretion afforded to the parties by the

10   governing contract. Thus, a claim for the breach of the implied covenant of good faith and

11   fair dealing may arise where one party "exercise[es] express discretion in a way

12   inconsistent with a party's reasonable expectations and by acting in ways not expressly

13   excluded by the contract's terms but which nevertheless bear adversely on the party's

14   reasonably expected benefits of the bargain." *Bike Fashion Corp. v. Kramer*, 202 Ariz.

15   420, 424, 46 P.3d 431, 435 (Ct. App. 2002).

16       While Plaintiff may not have employed the most artful language in crafting his

17   Second Amended Complaint, he is not held to the same standard as a skilled lawyer.

18   Applying a liberal interpretation, the Court concludes that Plaintiff alleges Defendant

19   retaliated against him for reporting complaints to regulatory agencies. He says that

20   Defendant excluded him from using common areas by turning off his ability to open

21   electronic locks.

22       Defendant seeks to dismiss this claim, arguing that the allegations do not satisfy

23   Rule 8's plausibility standard and that there are other potential explanations for locking

24   Plaintiff out of the community's amenities. Both arguments fail. The Court finds that,

25   liberally construed, Plaintiff has stated facts that support his claim for relief. Plaintiff

26   alleges that his residential real estate lease entitled him access to certain common areas. He

27   also alleges that Defendant denied him the benefits of the lease by preventing his access to

28   these common areas. The Court further finds that Defendant's reliance on other

1    explanations is inappropriate at the motion to dismiss stage. These explanations are outside

2    the Second Amended Complaint. Defendant has offered no evidence that can be considered

3    at the motion to dismiss stage. Defendant's alternative explanations, moreover, such as

4    "electronic locks not working" are pure speculation. (Doc. 38 at 8.)

5                                                      **D.**

6            Plaintiff next asserts intentional infliction of emotional distress under Arizona

7    common law. (Doc. 37 at 8–9.) Defendant argues that this claim should be dismissed

8    because Plaintiff has not, and cannot, plead facts that the alleged conduct is extreme and

9    outrageous.

10           To make out a claim for intentional infliction of emotional distress, a plaintiff must

11   plead that "the conduct by the defendant [was] extreme and outrageous." *Citizen Publ'g*

12   *Co. v. Miller*, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (cleaned up). "The trial court

13   must determine whether the acts complained of are sufficiently extreme and outrageous to

14   state a claim for relief." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554, 905

15   P.2d 559, 563 (Ct. App. 1995); *see also Johnson v. McDonald*, 197 Ariz. 155, 160, 3 P.3d

16   1075, 1080 (Ct. App. 1999) ("The trial court determines whether the acts at issue are

17   sufficiently outrageous to state a claim for relief; however, if reasonable minds could differ

18   about whether the conduct is sufficiently outrageous, the issue should be decided by a

19   jury."). "A plaintiff must show that the defendant's acts were so outrageous in character

20   and so extreme in degree, as to go beyond all possible bounds of decency, and to be

21   regarded as atrocious and utterly intolerable in a civilized community." *Mintz*, 183 Ariz. at

22   554, 905 P.2d at 563 (cleaned up).

23           The Second Amended Complaint alleges certain events that Plaintiff contends

24   constitute extreme and outrageous conduct. Plaintiff alleges that Defendant cut corners by

25   hiring untrained and unlicensed pest control workers to apply hazardous chemicals in his

26   apartment. He asserts that the pest control workers' incompetence led to the death of his

27   dog and his constructive eviction from his apartment, both causing intense emotional

28   distress. But that behavior, though legitimately distressing if true, does not "go beyond all

possible bounds of decency." *See id.*

Plaintiff relies on the Arizona Supreme Court's decision in *Ford v. Revlon, Inc.*, 153 Ariz. 38, 734 P.2d 580 (1987). That case involves much different facts. The plaintiff in *Ford* endured repeated sexual harassment, hostile work environment, and retaliation by her supervisor. The conduct was so severe, and the emotional toll was so high, that she attempted suicide. The court observed that plaintiff "did everything that could be done, both within the announced policies of Revlon and without, to bring this matter to Revlon's attention." *Id.* at 43, 734 P.2d at 585. The company, however, "ignored her and the situation she faced, dragging the matter out for months and leaving Ford without redress." *Id.*

The situation in *Ford*, unlike here, concerned the sort of "utterly intolerable" conduct proscribed by *Mintz*. Plaintiff has not alleged similar abuse. Instead, Plaintiff alleges that Defendant sought to save money by hiring underqualified pest control workers, and that those workers made a mistake when treating his apartment. But that behavior does not present the kind of conduct that is "utterly intolerable in a civilized community." *See Mintz*, 183 Ariz. at 554, 905 P.2d at 563 (quoting *Cluff v. Farmers Ins. Exch.*, 10 Ariz. App. 560, 562, 460 P.2d 666, 668 (1969)).

Along with showing extreme and outrageous conduct, to prevail on a claim for intentional infliction of emotional distress, a plaintiff must show that the defendant "either intend[ed] to cause emotional distress or recklessly disregard[ed] the near certainty that such distress will result from his conduct . . . ." *Cox v. Global Tool Supply LLC*, 629 F. Supp. 3d 963, 972 (D. Ariz. 2022) (citation omitted). Crediting as true that Plaintiff suffered adverse physical reactions to the excessive pesticide treatments, the factual allegations pleaded in the Second Amended Complaint do not suggest that Defendant intended to inflict harm or that it acted with reckless disregard. Instead, the allegations paint the picture that Defendant failed to exercise reasonable care.

The Court finds that Plaintiff has failed to plead facts that can support a claim for intentional infliction of emotional distress. Moreover, Defendant correctly asserts that, under Arizona law, a plaintiff cannot sue for emotional distress damages relating to the

1   death of a pet. *Kaufman v. Langhofer*, 223 Ariz. 249, 255–56, 222 P.3d 272, 278–79 (Ct.
2   App. 2009). Thus, this claim will be dismissed.

3                                          **E.**

4         Plaintiff also brings a claim for unjust enrichment. (Doc. 37 at 9–10.) "Unjust
5   enrichment occurs when one party has and retains money or benefits that in justice and
6   equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, 541,
7   48 P.3d 485, 491 (Ct. App. 2002), as corrected (June 19, 2002). "To make a claim for
8   unjust enrichment, a plaintiff must show (1) an enrichment, (2) an impoverishment, (3) a
9   connection between the enrichment and impoverishment, (4) the absence of justification
10  for the enrichment and impoverishment, and (5) the absence of a remedy at law." *Span v.*
11  *Maricopa Cnty. Treasurer*, 246 Ariz. 222, 227, 437 P.3d 881, 886 (Ct. App. 2019).

12        Liberally construing Plaintiff's allegations, the Court finds that Plaintiff has alleged
13  that he made monthly payments in return for pest control services, that Plaintiff failed to
14  competently perform those services and thereby deprived him of the benefit of his bargain,
15  and that Defendant did not return or refund any of Plaintiff's payments.[2]

16        Unjust enrichment requires that Plaintiff lack a remedy at law. The Court has found
17  that Plaintiff has stated a claim for breach of contract. Should he prevail on his contract
18  claim, unjust enrichment is no longer an available remedy.

19        Plaintiff may simultaneously plead both breach of contract and unjust enrichment,
20  moreover, so long as the validity of the contract is in dispute or Plaintiff may be deemed
21  to be the breaching party. *In re General Motors LLC Ignition Switch Litig.*, 339 F. Supp.
22  3d 262, 333 (S.D.N.Y. 2018) (applying Arizona law). Defendant contests that there is a
23  valid contract between Plaintiff and itself. (*See* Doc. 38 at 6 n.2.) Accordingly, Plaintiff
24  may proceed on both claims. But ultimately, he will be unable to recover for both. *Lopez*
25  *v. Musinorte Ent. Corp.*, 434 F. App'x 696, 699 (9th Cir. 2011).

26  _____
    [2] Plaintiff does not specifically allege that Defendant retained his pest control payments.
27  At any rate, it is evident from Plaintiff's other allegations that he accuses it of doing so.
    (*See* Doc. 37 ¶¶ 53-55 (describing the pest control fee as "mandatory," paid every month
28  as part of Plaintiff's rent payment, and enriching Defendant). *Capp*, 940 F.3d at 1052 (9th
    Cir. 2019) ("[P]ro se pleadings . . . are to be liberally construed on a motion to dismiss.").
    The Court must draw this inference in Plaintiff's favor from the well-pleaded allegations.

Contrary to Defendant's contentions, Plaintiff need not explain what led to Defendant's substandard performance or demonstrate that Defendant was contractually obligated to take certain specific steps to ensure that Plaintiff received the benefit of his bargain. The Court therefore finds that Plaintiff has sufficiently pleaded a claim for unjust enrichment.

**F.**

Plaintiff next claims aiding and abetting violations of certain State of Arizona statutes regulating pest control companies. (Doc. 37 at 10–11.) He claims that Defendant is liable in tort for the harm caused by the pest control company that treated his apartment. He relies on Restatement (Second) of Torts § 876(b), which holds that "a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person."

> Arizona recognizes aiding and abetting as embodied in Restatement of Torts (Second) § 876(b) (1979). A claim for aiding and abetting a tort requires proof that (1) the primary tortfeasor has committed a tort causing injury to the plaintiff; (2) the defendant knew the primary tortfeasor breached a duty; (3) the defendant substantially assisted or encouraged the primary tortfeasor in the breach; and (4) a causal relationship exists between the assistance or encouragement and [defendant's] breach.

*Sec. Title Agency, Inc. v. Pope*, 219 Ariz. 480, 491, 200 P.3d 977, 988 (Ct. App. 2008).

Defendant argues that this claim should be dismissed because Plaintiff fails to plead facts supporting the elements of a § 876(b) claim. Defendant further argues that the Second Amended Complaint contradicts itself by alleging Defendant's employees, not a third-party service, sprayed Plaintiff's apartment with pesticide.

Plaintiff's response, for the most part, repeats what little factual detail is in the Second Amended Complaint. That is, Plaintiff alleges that an unlicensed pest control company sprayed his apartment at Defendant's direction.

Even construed liberally, the Court finds that the Second Amended Complaint fails to allege plausible facts to support Plaintiff's aiding and abetting claim. Plaintiff has failed

to adequately allege a primary claim for negligence. And the Second Amended Complaint does not plead plausible facts showing the other essential elements for this claim. As a result, this claim fails.

**G.**

The final claim for relief alleges an invasion of the right to privacy protected by the Arizona Constitution, art. II, § 8. (Doc. 37 at 11–12.) Plaintiff is foreclosed from bringing a claim under this section of the Arizona Constitution because there is no private right of action for an unlawful search and seizure against a purely private defendant. *Amor v. State of Arizona*, No. CIV-06-499-TUC-CKJ, 2006 WL 529326, at *3 (D. Ariz. Feb. 27, 2009).

The Second Amended Complaint cites the Arizona Supreme Court decision in *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781 (1989). But that case does not support Plaintiff's theory that Defendant wrongfully entered his apartment. The *Godbehere* case involved a different set of facts—a print journalism investigative series covering alleged illegal activities in the Maricopa County Sheriff's Office—and recognized the tort of false light invasion of privacy. Thus, this claim, too, will be dismissed.

**IV.**

In the Court's December 26, 2023, Order granting Defendant's prior Motion to Dismiss, the Court informed Plaintiff that it would give him "one last opportunity to amend his complaint." (Doc. 35 at 2.) As detailed in this Order, Plaintiff successfully repleaded three claims. But Plaintiff's other four claims remain deficient.

District courts "shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Fed. R. Civ. P. 15 (a)) But the Court "may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) as amended (Feb. 10, 2009) (cleaned up). Plaintiff has again failed to plead four of his claims, despite

the Court's warning that he would not receive another opportunity. And the Court finds that forcing Defendant to brief a fourth motion to dismiss would, under these circumstances, be unduly prejudicial. Therefore, the Court will not grant Plaintiff leave to amend the dismissed claims. *Anderson v. Peregrine Pharms., Inc.*, 654 F. App'x 281, 282 (9th Cir. 2016) (quoting *Zucco Partners*, 552 F.3d at 1007) (noting that where "the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad" (cleaned up)).

**V.**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 38) is **granted in part and denied in part** as follows:

1.    Plaintiff's claims for negligence, aiding and abetting violations of certain State of Arizona statutes regulating pest control companies, intentional infliction of emotional distress, and invasion of the right to privacy are **dismissed with prejudice**.

2.    Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment will remain.

Dated this 27th day of March, 2024.

Michael T. Liburdi
United States District Judge